**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

| | |
|---|---|
| CONRAD PREVOST, JR as Assignee of the rights of Islands Mechanical Management Company, LLC,<br><br>Plaintiff(s),<br><br>v.<br><br>WESTCHESTER FIRE INSURANCE COMPANY d/b/a ACE WESTCHESTER FIRE INSURANCE COMPANY (ACE),<br><br>Defendant(s). | Civil No. 1:13-CV-046<br><br>**ACTION FOR DAMAGES**<br><br><u>JURY TRIAL DEMANDED</u> |

**COMPLAINT**

**COMES NOW** Plaintiff, CONRAD PREVOST, JR as Assignee of the rights of Islands Mechanical Management Company, LLC, by and through undersigned counsel, and files his Complaint against Defendants WESTCHESTER FIRE INSURANCE COMPANY d/b/a ACE WESTCHESTER FIRE INSURANCE COMPANY (ACE), and alleges the following:

1. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a), due to the complete diversity of citizenship of the parties and the fact that the amount in controversy exceeds the sum of $75,000.00.

2. Plaintiff Conrad Prevost ("Prevost") is a natural person who is a citizen and domiciliary of St. Croix, United States Virgin Islands.

3. Plaintiff is informed and believes that Defendant Westchester Fire Insurance Company d/b/a Ace Westchester Fire Insurance Company (the "Defendant") is a

**LEE J. ROHN AND ASSOCIATES, LLC**
1101 King Street
Christiansted
VI 00820-4933
Tel: 340.778.8855
Fax: 340.773.2954
lee@rohnlaw.com

**PREVOST, CONRAD V. ACE**
**COMPLAINT**
Page 2

corporation incorporated and licensed under the laws of Pennsylvania, with its principal place of business at 436 Walnut Street, Philadelphia, PA, 19106 in Philadelphia, Pennsylvania, and which does business in the U.S. Virgin Islands.

4. Venue is proper pursuant to 28 U.S.C. §1391. Defendant is subject to personal jurisdiction in this district.

5. Prevost brings this action in his capacity as Assignee of the rights of Islands Mechanical Management Company, LLC ("Islands Mechanical"), relating to Defendant Indemnity Insurance Company of North America d/b/a Ace American Insurance Commercial Insurance Policy No. 41-US-201196-6/000 and the claims Prevost asserted against Islands Mechanical in Superior Court of the Virgin Islands, styled *Prevost v. Islands Mechanical*, *et al.*, Civil No. 109/2007 ("the underlying litigation"). Prevost is asserting claims for: (1) indemnity and contractual liability; (2) extra-contractual liability for breach of fiduciary duty and breach of the duty of good faith and fair dealing; and (3) declaratory relief as authorized by 28 U.S.C. §§ 2201 & 2202.

6. Islands Mechanical is a Virgin Islands limited liability company that is not a party to this action and whose citizenship need not be considered for purposes of diversity.

7. Islands Mechanical assigned its rights and claims against the Defendant to Prevost through a valid Assignment and Agreement Not to Execute (the "Assignment"), a true and correct copy of which is attached as **Exhibit 1**.

**PREVOST, CONRAD V. ACE**
**COMPLAINT**
Page 3

8. The Assignment unconditionally transferred all of Islands Mechanical's rights and claims against the Defendant arising from and related to the relationship between Islands Mechanical and the Defendant created by Insurance Policy No. BMI 20051153 (the "Policy"), applicable law governing insurance carriers and their duties to their insured's, and Prevost's claims in the underlying litigation. A true and correct copy of the Policy produced by Islands Mechanical's insurance defense counsel that was retained by the Defendant to represent Islands Mechanical during the course of litigation of the Underlying Action is attached as **Exhibit 2**.

9. The Policy is a Business and Management Indemnity policy. The Policy requires the Defendant to pay those sums that Islands Mechanical becomes legally obligated to pay as a result of employment claims against Islands Mechanical during the policy period.

10. The effective policy period for the Policy issued to Islands Mechanical by Defendant relevant to the claims asserted by Prevost in the Underlying Case was from January 22, 2008 to January 22, 2009 and the coverage territory included the United States Virgin Islands.

11. Prevost was denied employment by Islands Mechanical and when finally hired was discriminated against in his pay, benefits, assignments, and termination and subjected to a hostile work environment from January 2008 to July 18, 2008.

**PREVOST, CONRAD V. ACE**
**COMPLAINT**
Page 4

12. Prevost alleged valid claims against Islands Mechanical that were covered under Defendant's policy of insurance issued to Islands Mechanical and related concerns.

13. Prevost sued Islands Mechanical, in the Virgin Islands District Court for the damages that he suffered while being discriminated and subjected to a hostile work environment by Defendant's insured. *See* **Exhibit 3** –Complaint, *Prevost v. Islands Mechanical, et al.*, Civil No. 2008/110, Dist. Ct. V.I., December 16, 2008.)

14. Prevost's claims against Islands Mechanical are covered claims under the Policy because they are for damages covered under the policy during the policy period.

15. When Islands Mechanical was served with the complaint it notified Defendant through the attorney Defendant had retained and assigned to represent Islands Mechanical on two previously filed covered claims, Galloway v. Island Mechanical Contractors Inc, Civil No. 2008/71 and Humphries Fitz & Pius Hubert v. Island Mechanical Contractors Inc, Civil No. 2008/60.

16. Islands Mechanical provided the complaint to Andrew Simpson the attorney retained by Defendant under a valid belief that he was the proper person to notify of Defendant of the claims filed under the policy.

17. At the time Attorney Simpson received the lawsuit, Simpson understood that Islands Mechanical wanted it to be defended by Simpson under the same ACE retention agreement as the other two claims and under the same insurance

**PREVOST, CONRAD V. ACE**
**COMPLAINT**
Page 5

      policy.

18. Attorney Simpson defended Islands Mechanical under the retention agreement he had with Defendant.

19. Attorney Simpson did not inform Islands Mechanical that he could not receive notice of the claim on behalf of Defendant nor did he notify Islands Mechanical that it needed to do any additional notice to Defendant. Attorney Simpson as agent for Defendant represented and inferred that notice to him was sufficient notice under the policy of insurance.

20. From the time Attorney Simpson received the Prevost complaint until sometime after January 29, 2011, Attorney Simpson believed that Islands Mechanical was responsible for the SIR on the Prevost case and that ACE would then commence paying the defense costs for the Prevost case pursuant to Attorney Simpson having accepted the complaint pursuant to his retention agreement with Defendant.

21. On December 15, 2008, within the reporting period under the policy, Islands Mechanical also gave notice to Defendant of the Prevost claim.

22. In January 2011, a new adjuster was assigned to the claim by Defendant and in a telephone conversation in which the adjuster inquired as to the status of each pending claim. Attorney Simpson described the Fitz & Hubert, Galloway and Prevost cases. Attorney Simpson was then asked to submit a written report to the Defendant.

**PREVOST, CONRAD V. ACE**
**COMPLAINT**
Page 6

23. Attorney Simpson submitted the requested written report to Defendant on January 24, 2011 describing the pending cases including Prevost under the retention agreement.

24. On January 29, 2011, Attorney Simpson submitted invoices pursuant to the retention agreement advising Defendant that the SIR's on the cases, including Prevost, had been exhausted and billing Defendant for the defense costs as agreed under the retention agreement.

25. Attorney Simpson submitted the Prevost invoice to Defendant as Simpson had accepted and defended the Prevost case under Defendant's retention agreement with Defendant.

26. On or about July 26, 2012, Defendant wrong by denied Islands Mechanical a defense or indemnification for the claims of Prevost.

27. On or about March 5, 2012, Islands Mechanical again demanded Defendant provide a defense and indemnification. Islands Mechanical pointed out to Defendant that the Prevost, Fitz & Hubert and Prevost case all emanated out of the same nucleus of operative facts and that the Fitz & Hubert and Prevost cases has been consolidated by the District Court. Islands Mechanical further pointed out that the deadline to report a claim to Defendant is within 60 days of notice to Islands Mechanical or the expiration of the policy period, <u>whichever is later</u>. Further, Islands Mechanical pointed out that the claim was actually reported to Defendant in a letter dated August 15, 2008.

**PREVOST, CONRAD V. ACE**
**COMPLAINT**
Page 7

28. On or about September 5, 2012, Islands Mechanical again pointed out the common nucleus of the cases and again demanded a defense and indemnification of the Prevost claim.

29. On or about December 12, 2012, Island Mechanical again demanded Defendant provide a defense and indemnification and notified Defendant that a trial on the issue of arbitrability of the Fitz & Hubert and Prevost claims had been set for March 18, 2013 and further notified Defendant that time was of the essence to try and settle the Prevost claim. Islands Mechanical put Defendant on notice that if a defense and indemnification was not agreed to that Islands Mechanical would be forced to settle and assign Islands Mechanical's bad faith claim to Prevost.

30. On or about January 18, 2013, Defendant wrote to Islands Mechanical finally responding to Islands Mechanical's letters of September 5, 2012 and December 10, 2012 and again wrongfully denied Islands Mechanical a defense or indemnification of the Prevost claim.

31. Prevost offered to settle the underlying litigation within the $3,000,000 policy limits on a number of occasions, including at the mediations of the case.

32. Defendant wrongfully refused to engage in any settlement negotiations of the Prevost claim and continued to refuse to defend or indemnify Islands Mechanical.

33. The Defendant materially breached its duties under the Policy.

**PREVOST, CONRAD V. ACE**
**COMPLAINT**
Page 8

34. On April 4, 2013, Islands Mechanical agreed to settle Prevost's claim against it for the fair amount of $1,000,000.00 and $75,000.00 in litigation expenses and to enter into a confessed judgment in that amount and assigned its claims against Defendant as to breach of contract and extra contractual or bad faith claims and any claims against the agents or employees of Defendant (whether sounding in contract, tort or existing under statute or common law or otherwise).

### Count I – Declaration that the Assignment is Valid

35. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 34.

36. To the extent that the Defendant is contesting the Assignment or the validity of its terms, Prevost seeks a declaration that: (1) the Assignment, and each if its terms, is valid and enforceable; and that (2) the Defendant does not have a valid defense to enforcement of the Assignment, based on the Policy's terms or otherwise.

### Count II – Declaration With Respect to the Defendant's Contractual Liability and Duty to Indemnify

37. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 36.

38. Islands Mechanical complied with all of its obligations under the Policy. The Defendant failed to provide a defense and refused to indemnify Islands Mechanical. The Policy required Defendant to defend and indemnify Islands Mechanical.

**PREVOST, CONRAD V. ACE**
**COMPLAINT**
Page 9

39. To the extent that Defendant claims late notice of the claim, which Islands Mechanical disputes, Defendant did not receive any prejudice as a result of the claimed late notice.

40. Defendant is barred from contesting the reasonableness of the settlement as a result of its refusal to defend. The settlement is reasonable given the facts of the case.

41. Prevost seeks a declaration that, based on the Assignment, the Defendant is contractually obligated to pay Prevost $1,000,000, plus costs, pre-judgment and post-judgment interest. Prevost seeks a money judgment in addition to or as an alternative to a declaration concerning Defendant's contractual liability under the policy.

### Count III – The Defendant's Extra-Contractual Liability Pursuant to Title 22 of the Virgin Islands Code

42. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 41.

43. Title 22 of the Virgin Islands Code governs insurance transactions affecting subjects located in the United States Virgin Islands. *See* 22 V.I.C. § 1. Insurance carriers owe a duty of good faith, honesty, and equity in all insurance matters. *See* 22 V.I.C. § 2. Also, a Defendant's right to control the litigation, coupled with its right to settle or refuse to settle claims against the insured, imposes upon it both fiduciary duties and a duty of good faith and fair dealing under the common law. *See Buntin v. Continental Ins. Co.*, 525 F. Supp. 1077,

**PREVOST, CONRAD V. ACE**
**COMPLAINT**
Page 10

  1081 (D.V.I. 1981). A breach of these duties creates extra-contractual, quasi-contractual, and tort liability.

44. Defendant breached its duty to timely and adequately defend and indemnify Islands Mechanical and exposed Islands Mechanical to an award in excess of $1,000,000.00.

45. When the Defendant refused Prevost's multiple offers to settle this case within policy limits and refused to defend or indemnify Islands Mechanical, it placed its interests ahead of Islands Mechanical's. The Defendant breached its duty of "good faith, honesty, and equity" and its fiduciary duties to Islands Mechanical by unreasonably exposing Islands Mechanical to liability in excess of policy limits. Prevost seeks judgment that the Defendant breached its duty to Islands Mechanical to accept a reasonable settlement offer and to defend and indemnify within policy limits and that it is therefore liable for the confessed Judgment, plus costs fees and interest.

## Count IV

46. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 45.

47. The Defendant acted fraudulently in its dealings with Islands Mechanical in falsely claiming there is no coverage when there was.

48. As a result, Islands Mechanical was exposed to a judgment against it and is liable to Plaintiff as assignee for Islands Mechanical's damages related thereto.

**PREVOST, CONRAD V. ACE**
**COMPLAINT**
Page 11

**WHEREFORE**, Plaintiff prays for declaratory relief as discussed above, including a declaration that the Defendant is obligated to pay him now for the confessed Judgment amount, including any costs, fees, prejudgment interest, and post-judgment interest, plus additional costs and attorneys' fees.  Prevost also seeks a declaration that the Assignment is valid and that Islands Mechanical complied with all material conditions precedent for defense and indemnity under the Policy.

Judgment against Defendant for the full amount of the confessed judgment, pre and post judgment interest, costs and fees as well as punitive damages for Defendant's reckless disregard for the rights of Plaintiff, as assignee, and its fraudulent acts towards its insured as well as any additional new costs and attorneys' fees that he incurs in this suit.

LEE J. ROHN AND ASSOCIATES, LLC
Attorneys for Plaintiff(s)

DATED:  April 30, 2013                BY:   s/ *Lee J. Rohn*
                                              Lee J. Rohn
                                              VI Bar No. 52
                                              1101 King Street
                                              Christiansted, St. Croix
                                              U.S. Virgin Islands 00820
                                              Telephone: (340) 778-8855
                                              Fax: (340) 773-2954