**ASSIGNMENT AND AGREEMENT NOT TO EXECUTE**

### I. PARTIES

The Parties to this Assignment and Agreement Not to Execute are: Islands Mechanical Contractor, Inc and Conrad Prevost.

### II. DEFINITIONS

2.01 "Plaintiff" is Conrad Prevost,

2.02 "Defendant" is Islands Mechanical Contractor, Inc.

2.03 "Litigation" means Civil No. 08-110, pending in the District Court of the Virgin Islands, Division of St. Croix.

2.04 "Assignment" or "Agreement" means this Assignment and Agreement Not to Execute, including all the attached exhibits, which are expressly incorporated herein.

2.05 The insurer is Ace Westchester Fire Insurance Company a/k/a ACE USA or related insurance companies

2.06 The "Policy" means that ACE Westchester Fire Insurance Company Business and Management Indemnity Policy No. BMI20051153 for the policy period 1/22/2008 to 1/22/2009 and as extended in the amount of $3,000,000.00, which is the only policy of insurance Defendant Islands Mechanical Contractors, Inc in the Litigation.

2.07 The "Carrier" means ACE Westchester Fire Insurance Company Business and Management Indemnity Policy No. BMI20051153 and/or or any other insurance company obligated to defend and/or indemnify Defendant Islands Mechanical Contractor, Inc under the Policy or any other insurance policies applicable to the claims of the Plaintiff.

### III. STATEMENT OF FACTS AND RECITALS

The Parties stipulate and agree to the following facts. With respect to the factual recitations of Sections 3.03, 3.04, and 3.06, Defendant Islands Mechanical Contractor Inc's stipulation and agreement are made upon information and belief based upon representations and information provided to Defendant by Plaintiff:

**EXHIBIT 1**

3.01 The Plaintiff and Defendant Islands Mechanical Contractor, Inc are Parties to the Litigation. These statements of Facts and Recital cannot be used in any other Litigation.

3.02 In January 2008, Plaintiff, a Black West Indian, applied for work with Defendant Islands Mechanical Contractor, Inc and was falsely told that there was no work available as all jobs had been filled by white non West Indians or Hispanics. As a result, Plaintiff and others picketed Defendant and on February 5, 2008, Plaintiff was hired as a welder. Plaintiff did not receive the same pay and benefits as non West Indians. Plaintiff was a certified structural welder and was qualified for higher paying welder job but because of racial, color and natural origin discrimination was not offered nor hired in those jobs. Plaintiff was subjected to a hostile work environment subjected racial slurs, rude behavior, increased vigilance as a result of his race, color and national origin, harassed and segregated in his job assignments. Plaintiff was not offered any opportunities for promotions and predominantly all supervisory positions went to non West Indians. Plaintiff's supervisor regularly cursed him, referred to him as "boy" and was subjected to being called on more than one occasion a "nigger and a "motherfucker". His white coworkers were allowed to assault him with impunity. When Plaintiff complained he was initially terminated, but then that was rescinded and Plaintiff was transferred to a different crew in July 2008. On July 18, 2008, Plaintiff was falsely accused of not working when in reality he was properly waiting for instruction to be certified so he could work on it. When Plaintiff complained that the false allegation was a result of the hostile work environment and racism and discrimination he was terminated. No investigations were conducted into Plaintiff's complaints. Plaintiff suffered physical and mental injuries, loss of income, mental anguish, pain and suffering and loss of enjoyment of life expected to continue into the foreseeable future.

3.03 During the course of the Litigation, the Plaintiff made reasonable demands to settle the Litigation within the policy limits but the insurance carrier wrongly refused to defend or indemnify Islands Mechanical Contractor, Inc.

3.04 During the course of the Litigation, the Plaintiff presented evidence through witnesses concerning the discrimination and damages that documented and confirmed to Defendant Islands Mechanical Contractor, Inc that the Plaintiff had suffered economic damages covered by the policy. The information produced to Defendant and available to the Carrier during the course of the litigation demonstrated that a verdict against the Defendant would occur.

3.05 Trial is scheduled to commence with Jury Selection held on April 2, 2013.

3.06 The Plaintiff has repeatedly made settlement demands within the policy limits. Defendant Islands Mechanical Contractor, Inc has repeatedly demanded a defense and indemnification which the insurance carrier has wrongfully denied.

3.07 Execution on any Judgment to be awarded to Plaintiff will devastate Defendant Islands Mechanical Contractor, Inc's ability to conduct business. Further, the existence of a Judgment represents a potential threat to the assets and financial well-being of persons and entities related to or associated with Defendant.

3.08 Withholding of execution on any judgment entered against Defendant Islands Mechanical Contractor, Inc is of significant value to Defendant and benefits Defendant and its principals and affiliates.

## SCOPE OF ASSIGNMENT

3.09 The Parties intend that the full terms and conditions of the assignment be set forth in this Assignment.

In consideration of the agreements contained in this Assignment and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties agree as follows:

## IV. REPRESENTATIONS AND WARRANTIES

The following representations and warranties shall survive the execution of this Assignment.

## AUTHORITY

4.01 Each Party to this Assignment warrants and represents that he, she or it has the power and authority to enter into this Assignment and that this Assignment and all documents delivered pursuant to this Assignment, to which he, she or it is a party, are valid, binding and enforceable upon him, her or it.

4.02 Plaintiff warrants and represents that he shall defend and indemnify Defendant Islands Mechanical Contractor, Inc from any and all liens which

may be claimed by third parties for or on account of medical expenses incurred by Plaintiff or expended on Plaintiff's behalf for the damages alleged in the Litigation to have been caused in whole or in part by the Defendant.

## OWNER OF ASSIGNED CLAIM

4.03 Defendant Islands Mechanical Contractor, Inc warrants and represents that it owns the claim or claims assigned in this Assignment and that no part of its claim or claims against the Carrier subject to this Assignment have been assigned or transferred to any other person or entity.

## V. ASSIGNMENT TERMS

In reliance upon the representations, warranties and covenants in this Assignment, and concurrently with the execution and delivery of this Assignment, the parties agree as follows:

## ASSIGNMENT

5.01 Defendant Islands Mechanical Contractor, Inc assigns to Plaintiff any and all rights that Defendant may have against the Carrier, arising out of or in any way related to the Litigation. The Assignment includes, but is not limited to, all of Defendant's extra-contractual or bad faith claims and any claims against the agents or employees of the Carrier (whether sounding in contract, tort or existing under statute or the common law, or otherwise) arising from any failure of the Carrier to properly fulfill its good faith obligations to defend and protect Defendant from liability to Plaintiff.

5.02 Consistent with *Evanston Ins* Co. *v. Treister* 794 F. Supp 560, 572573 (DVI 1992), *In re Tutu Water Wells Contamination Litigation,* 78 F. Supp 2d 423,430 (DVI 1999) and *Amerda Hess Corp v. Zurich Ins.* Co., 29 Fed. Appx 800,807 2002 WL 356162*7 (3rd Cir. 2002), and all other applicable Virgin Islands law (statutory or otherwise), the Parties therefore enter into this Agreement with the intent that the Defendant Islands Mechanical Contractor, Inc and individuals related to or affiliated with Defendant Islands Mechanical Contractor, Inc shall obtain complete protection for their assets and that the Plaintiff shall obtain, by way of Assignment, the right to recover the compensatory damage value of their claims directly and solely from ACE Westchester Fire Insurance Company Business and Management Indemnity Policy No. BMI20051153. Plaintiff shall and do also obtain, by way of this Assignment, the Defendant's rights to assert a cause of action

for insurance bad faith, negligence, breach of contract and any other applicable claims against any insurance companies, firms, agents and individuals that may properly be named as Defendants in any such action against the Carrier.

## COVENANT NOT TO EXECUTE

5.03 Plaintiff agrees not to execute on or otherwise seek satisfaction of the Consent Judgment and/or any other judgment entered in the Litigation (including any award of costs, interest or fees) from or against any assets of Defendant Islands Mechanical Contractor, Inc's other than any and all rights Defendant's may have against the Carrier or any other rights assigned to Plaintiff by this Assignment. Plaintiff further agree not to pursue execution against or any claim or cause of action against any individual or entity presently or formerly related to or associated with Defendant for or on account of the any such judgment or for any damages claimed by Plaintiffs and asserted in the Litigation. Other than if Defendant fails to timely pay the periodic monthly equal payments on the $75,000.00 due the 15th of each month beginning April 15, 2013, that Defendant agrees to pay Plaintiff partially to induce Plaintiff to enter into this agreement.

## AGREEMENT TO ACCEPT JUDGMENT

5.04 Defendant agrees to settle this claim for $1,000,000.00 and have consent judgment entered against it in that amount and not interfere with the Judgment or any other judgment entered in the Litigation (including any award of costs, interest or fees). Defendant Islands Mechanical Contractor, Inc further acknowledges that this is a fair and reasonable settlement of this claim. The Plaintiff agrees not to execute on the Consent Judgment against Defendant but to look solely to the insurance company and its agents for the collection of said judgment plus pre–judgment and post-judgment interest, costs, including attorney fees, and such other reasonable belief. Plaintiff agrees to repay Defendant the $75,000.00 upon receiving the $1,000,000.00 payment from the insurance carrier or its agents and to the extent a lesser amount is received, Plaintiff will repay Defendant's $75,000.00 on a pro-rata basis as to the percentage the lesser amount is to $1,000,000.00.

## CHOICE OF LAW

5.05 Plaintiff is entered into this agreement based upon facts asserted in

the Proffer of Andrew Simpson's testimony (Exhibit 1), the Affidavit of Robert Turnage (Exhibit 2) and the certain correspondence to the insurance carrier by Defendant Islands Mechanical Contractor, Inc or its agents (Exhibit 3) and Defendant's representation that such information is true and correct, if called to testify that truthful testimony will be given and Defendant's agreement to fully and completely cooperate in the litigation against the insurance carrier or its agents.


### MISCELLANEOUS

6.01 This Assignment has been prepared by the joint efforts of the respective parties.

6.02 If any provision of this Assignment is or may be held by a court of competent jurisdiction to be invalid, void or unenforceable, the remaining provisions shall not survive or continue in full force and effect.

6.03 None of the parties to this Assignment have expressed any facts, representations, express or implied warranties, except as expressly contained in this Assignment.

6.04 The Assignment shall continue perpetually and shall be binding upon the parties and their heirs, successors, and assigns and shall inure to the benefit of the parties and their heirs, successors, and assigns.

6.05 This Assignment represents the entire agreement of the parties and supersedes all prior written or oral agreements, and the terms are contractual and not mere recitals.

6.06 This Assignment may not be amended, altered, modified or changed in any way except in writing signed by all the parties to this Assignment.

6.07 **THE PARTIES EXPRESSLY WARRANT THAT THEY HAVE CAREFULLY READ THIS ASSIGNMENT AND ALL EXHIBITS ATTACHED TO THIS ASSIGNMENT, UNDERSTAND ITS CONTENTS AND SIGN THIS ASSIGNMENT AS THEIR OWN FREE ACT.**

6.08 The parties have executed this Assignment in multiple originals and may be executed in multiple counterparts. The Parties have initialed each page of this Assignment. Signatures may be affixed and transmitted by facsimile or other electronic means, and all such signatures shall be deemed an original signature for all purposes.

**IN WITNESS WHEREOF,** the Parties have executed this Agreement on the dates indicated at their respective signatures below.

*Conrad Prevost*

CONRAD PREVOST, PLAINTIFF

SUBSCRIBED AND SWORN
to before me this 4th day of April , 2013.

*Leatitia M. Mercier*

NOTARY PUBLIC

My Commission Expires

LEATITIA M. MERCIER
Territory of the
U.S. VIRGIN ISLANDS
District of
ST. CROIX
Notary Public No. NP-012-11

Assignment & Agreement Not to Execute | 8
Prevost, Conrad v. Island Mechanical Contractor, Inc

ISLANDS MECHANICAL CONTRACTOR, INC,
**DEFENDANT**

SUBSCRIBED AND SWORN
to before me this _____ day of _March_, 2013.

NOTARY PUBLIC

DEZRA SYLISA SWEENEY
MY COMMISSION # EE165771
EXPIRES: September 2, 2016
(407) 398-0153      FloridaNotaryService.com